UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BELINDA VICK,

    Plaintiff,                                CIVIL ACTION NO. 08-13801

v.                                       DISTRICT JUDGE GERALD E. ROSEN
                                           MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\* \* \*

    Plaintiff filed an application for Social Security disability income benefits in August 2004, alleging that she had been disabled and unable to work since December 2003, at age 45, due to rheumatoid arthritis and fibromyalgia. Benefits were denied by the Social Security Administration. A requested <u>de novo</u> hearing was held on July 5, 2006, before Administrative Law Judge (ALJ) James Goodman. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a limited range of light work. The Law Judge restricted claimant from jobs that exposed her to excessive heat, vibrating machinery, frequent overhead reaching or dangerous heights. The Appeals Council declined to review that decision and Plaintiff commenced the instant

action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 48 years old at the time of the administrative hearing (TR 268). She had been graduated from high school, and had been employed as a receptionist/typist and janitor during the relevant past (TR 57, 105-106, 272-275). As a receptionist performing a variety of clerical duties at a steel processing plant, Plaintiff stood for a majority of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift about 10 pounds on a regular basis (TR 58). Claimant stopped working in December 2003, due to multiple joint pain caused by rheumatoid arthritis (TR 278-279).

Plaintiff testified that she remained disabled as a result of severe arthritic pain affecting her hands, feet, hips, shoulders, neck and elbows (TR 279-280). Claimant had difficulty walking, bending, and squatting due to the pain (TR 282). Pain medications proved ineffective (TR 291-292). Plaintiff also had difficulty with postural activities, and could use her hands for approximately 45 minutes before needing to stop (TR 283-285). On her good days, Plaintiff was able to care for her personal needs, cook, do the laundry and go grocery shopping (TR 67-71, 287).

A Vocational Expert (VE), Laurence Gordon, appeared at the administrative hearing but did not testify (TR 14). The ALJ subsequently sent the VE interrogatories, and gave Plaintiff's attorney the opportunity to object to his answers (TR 14). The VE classified Plaintiff's past clerical work as sedentary, unskilled activity (TR 106). The janitorial work was classified as heavy, unskilled activity (TR 106). The witness explained that there

would not be any jobs for claimant to perform if her testimony were fully accepted[1] (TR 107). If she were capable of light work, however, there were numerous unskilled clerical and attendant jobs that she could still perform with minimal vocational adjustment (TR 107-108). These simple, routine jobs did not expose workers to temperature extremes, vibrating machinery, or dangerous heights (TR 108).

A medical expert, Dr. David Brown, a rheumatologist, summarized the medical record, and concluded that Plaintiff experienced fibromyalgia and arthritis (TR 238-239). In answers to interrogatories submitted to him by the ALJ, Dr. Brown indicated that Plaintiff's subjective complaints of polyarthralgias, painful joints, synovitis, inflammatory arthropathy, stiffness, and neck and knee pain could reasonably be connected to her diagnosed conditions (TR 239). The medical expert noted, however, that the Plaintiff's treating physician did not describe any specific functional limitations (TR 239). Dr. Brown concluded that Plaintiff's impairments did not meet the requirements of any listed impairment, as the record did not document any erosive arthropathy or significant functional loss of motion in the affected joints (TR 240). Dr. Brown considered Plaintiff's rheumatoid arthritis to be well controlled by medications and occasional injections (TR 240).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of rheumatoid arthritis and fibromyalgia, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented her from working at jobs requiring

---

[1] The witness opined that Plaintiff's alleged inability to work in unheated, polluted environments would preclude her from performing her past relevant work (TR 107).

frequent overhead reaching, handling and fingering. The Law Judge also restricted claimant from jobs that would expose her to temperature extremes, vibrating machinery or dangerous heights. Nevertheless, he found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity. She also argues that her inflammatory arthritis was severe enough to meet the Listing of Impairments, and that the ALJ improperly evaluated her credibility by failing to take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her pain.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from her joint pain.

Contrary to Plaintiff's assertion, her rheumatoid arthritis condition was not severe enough meet or equal the Listing of Impairments[2]. Listing 14.09 of the Listing of Impairments states:

> 14.09  Inflammatory arthritis.
> Documented as described in 14.00 B 6, with one of the following:

---

[2]In support of her argument that her rheumatoid arthritis was severe enough to meet the Listing of Impairments, Plaintiff relies heavily on the November 16, 2006, letter from Dr. Joseph Weiss, which was submitted to the Appeals Council only. In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the evidence Plaintiff submitted to the Appeals Council, including the report from Dr. Weiss (TR 254), was not considered by the undersigned.

> A. History of joint pain, swelling, and tenderness, and signs on current physical examination of joint inflammation or deformity in two or more major joints resulting in inability to ambulate effectively or inability to perform fine and gross movements effectively, as defined in 14.00(B)(6)(b) and 1.00(B)(2)(b) and (B)(2)(c); or
>
> B. Ankylosing spondylitis or other spondyloarthropathy, with diagnosis established by findings of unilateral or bilateral sacroiliitis (e.g., erosions or fusions), shown by appropriate medically acceptable imaging, with both:
>
> 1. History of back pain, tenderness, and stiffness, and
>
> 2. Findings on physical examination of ankylosis (fixation) of the dorsolumbar or cervical spine at 45° or more of flexion measured from the vertical position (zero degrees); or
>
> C. An impairment as described under the criteria in 14.02A. or
>
> D. Inflammatory arthritis, with signs of peripheral joint inflammation on current examination, but with lesser joint involvement than in A and lesser extra-articular features than in C, and:
>
> 1. Significant, documented constitutional symptoms and signs (e.g., fatigue, fever, malaise, weight loss), and
>
> 2. Involvement of two or more organs/body systems (see 14.00B6d). At least one of the organs/body systems must be involved to at least a moderate level of severity. or
>
> E. Inflammatory spondylitis or other inflammatory spondyloarthropathies, with lesser deformity than in B and lesser extra-articular features than in C, with signs of unilateral or
> bilateral sacroiliitis on appropriate medically acceptable imaging; and with the extra-articular features described in 14.09D.
>
> 20 C.F.R. Part 404, Subpart P, Appendix 1 § 14.09 (2008).

Significantly, no doctor described Plaintiff as being significantly limited with respect to ambulation or the performance of fine and gross movements as would be required to meet

**6**

section 14.09A.  Furthermore, no examining doctor recommended that Plaintiff restrict herself in those activities.  In fact, Dr. Amy Frederico observed that Plaintiff walked with a normal gait, exhibited full strength and ranges of motion throughout her body, and demonstrated normal grip and manipulative ability (TR 169-172). The medical record also failed to reveal that Plaintiff suffered from peripheral joint inflammation, ankylosis or inflammatory spondylitis, fatigue, fever, malaise, weight loss or organ system damage as required to meet the other parts of section 14.09.

When evaluating Plaintiff's residual functional capacity, the Law Judge took into consideration the opinion of the medical advisor[3], Dr. Brown, who concluded that the claimant could perform light work activity (TR 241-242).  Dr. Brown considered Plaintiff's rheumatoid arthritis to be well controlled by medications and occasional injections (TR 240). There was no objective medical evidence suggesting that she suffered severe side effects from pain medications, or that she needed to rest frequently throughout the day. The ALJ also took into consideration claimant's objectively proven functional limitations by restricting her to simple, routine jobs that limited overhead reaching, handling and fingering.  The Law Judge also restricted claimant from jobs that would expose her to temperature extremes, vibrating machinery or dangerous heights (TR 17).

Plaintiff relies heavily upon the fact that Dr. Weiss opined on June 15, 2006, that she was unable to undertake gainful employment of any kind (TR 176).  It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government.  Allen v. Califano, 613 F.2d 139, 145 (6th

---

[3]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2008).

Cir. 1980).  However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence.  Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).  Since Dr. Weiss offered little objective evidence during the relevant period to support his June 2006, statement of disability[4], his opinion need not have been given any special weight.  Miller v. Secretary, 843 F.2d 221, 224  (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered.  Landsaw v. Secretary, 803 F.2d  211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

---

[4]The ALJ rejected the doctor's disability opinion, setting forth persuasive reasons for doing so (TR 18). The ALJ expressed concern about the lack of medical documentation to support the opinion. As the Law Judge observed, the doctor's disability opinion  was rendered less than a month prior to the administrative hearing.  This suggested to the ALJ that the statement was prepared for the sole purpose of helping the claimant qualify for benefits (TR 18). Indeed, it appears the doctor's opinion was primarily based on Plaintiff's subjective complaints, rather than the objective medical evidence.

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[5], the Vocational Expert testified that there were numerous unskilled clerical and attendant jobs that she could still perform with minimal vocational adjustment (TR 107-108).  These simple, routine jobs did not expose workers to temperature extremes, vibrating machinery, or dangerous heights (TR 108). Given the objective clinical findings of the examining physicians of record during the relevant period, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof

---

[5]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain.  The ALJ reasonably determined that claimant's on-going joint discomfort limited her to simple, unskilled, routine type jobs (TR 21). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions.  <u>Webb v. Commissioner</u>, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                                                        s/Donald A. Scheer  
                                                                                        DONALD A. SCHEER  
                                                                                        UNITED STATES MAGISTRATE JUDGE

DATED: January 21, 2009

_____

### CERTIFICATE OF SERVICE

    I hereby certify on January 21, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 21, 2009: **Armin Fischer.**

                                                                                       s/Michael E. Lang  
                                                                                       Deputy Clerk to  
                                                                                       Magistrate Judge Donald A. Scheer  
                                                                                       (313) 234-5217