**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BELINDA M. VICK,

        Plaintiff,

v.

        Case No. 08-13801
        Hon. Gerald E. Rosen
        Magistrate Judge Donald A. Scheer

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**ORDER ADOPTING
<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on   <u>September 21, 2009</u>

PRESENT: Honorable Gerald E. Rosen
                 Chief Judge, United States District Court

On January 21, 2009, Magistrate Judge Donald A. Scheer issued a Report and Recommendation ("R & R") recommending that the Court grant the Defendant Commissioner of Social Security's motion for summary judgment and deny Plaintiff Belinda M. Vick's motion for summary judgment. On February 2, 2009, Plaintiff filed objections to the R & R, and Defendant responded to these objections on February 17, 2009. The Court has now reviewed the R & R, Plaintiff's objections, Defendant's response, the parties' underlying motions, and the record as a whole. For the reasons set forth briefly below, the Court finds no merit in Plaintiff's objections, and therefore adopts

the Magistrate Judge's R & R as the opinion of this Court.

Plaintiff first objects that the Magistrate Judge erred in failing to consider "other parts of Section 14.09" in determining whether Plaintiff's rheumatoid arthritis was sufficiently severe to meet Listing 14.09 of the Listing of Impairments. (Objections at 3.) Yet, as Defendant points out, Plaintiff's objection rests upon a version of Listing 14.09 that did not take effect until June of 2008, eighteen months after the Administrative Law Judge ("ALJ") issued his challenged decision. Plainly, the ALJ cannot be faulted for applying the version of the Listing that was in effect at the time of his decision, and the Magistrate Judge likewise did not err in looking to this version of the Listing to determine whether the ALJ's decision was supported by substantial evidence.

Next, Plaintiff objects to the Magistrate Judge's determination that one of Plaintiff's treating physicians, Dr. Joseph Weiss, offered "little objective evidence during the relevant period to support his June 2006[] statement of disability." (R & R at 8.) Yet, in an effort to rebut this conclusion, Plaintiff points to a *later,* November 16, 2006 letter in which Dr. Weiss purports to identify an objective medical basis for his opinion that Plaintiff is unable to work. (*See* Objections at 4-5 (citing Dr. Weiss's 11/16/2006 letter, Admin. Record at 254).) The Magistrate Judge has explained that this November 2006 letter cannot be considered because it was not a part of the record before the ALJ, (*see* R & R at 5 n.2), and Plaintiff has not suggested how the Magistrate Judge might have erred on this point. Accordingly, the Magistrate Judge did not "reject" this November 2006 letter "in a cavalier fashion," as Plaintiff suggests, (Objections at 6), but rather declined to

consider it in accordance with the well-established law governing judicial review of an ALJ's decision.  Similarly, the ALJ surely did not act in a "cavalier fashion" by failing to consider a letter that was not even part of the record when he reached his decision.  Finally, as to Dr. Weiss's earlier opinion, the Magistrate Judge correctly explained why the ALJ was entitled to discount this opinion that Plaintiff was unable to work, (*see* R & R at 8 & n.4), and Plaintiff has not identified any error in this reasoning.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's January 21, 2009 Report and Recommendation is ADOPTED as the opinion of this Court.  IT IS FURTHER ORDERED that, for the reasons stated in the R & R, Defendant's motion for summary judgment (docket #9) is GRANTED, and Plaintiff's motion for summary judgment (docket #7) is DENIED.

                  s/Gerald E. Rosen
                  Chief Judge, United States District Court

Dated:  September 21, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 21, 2009, by electronic and/or ordinary mail.

                  s/Ruth Brissaud
                  Case Manager